UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW SANCHEZ; TIANNA SANCHEZ, | |
| Plaintiffs, | 22-CV-7843 (LTS) |
| -against- | ORDER TO AMEND |
| SULLIVAN COUNTY; NANCY BUCK, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who are appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated their federal constitutional rights. By order dated September 29, 2022, the Court granted Plaintiffs' requests to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiffs leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiffs Matthew and Tianna Sanchez bring their claims using the court's general

complaint form. They check the box on the form to invoke the court's federal question

jurisdiction, and in response to the question asking which of their federal constitutional or

statutory rights have been violated, Plaintiffs write, "due process, American Constitution Rule of

Law, Declaration of Independence," (ECF 2, at 2.) Plaintiffs state that the events giving rise to

their claims occurred in Sullivan County, New York, and that the events giving rise to their

claims are "on going." (*Id.* at 6.)

The "Facts" section of the complaint form states in its entirety,

Sullivan County treasurer Nancy Buck put our property up for Auction. Nancy
states she sent us the court proceeding regular mail, we never received or was
served with any documents of court proceeding. Never received or was served
with any paperwork regarding foreclosure. Applied and approved for New York
State Homeowner Assistance program. The program spoke with Sullivan County
treasury Nancy Buck to verify amount owed. Nancy state + confirmed that she
spoke with them, she was aware the taxes were being paid by the assistance
program, and still proceeded. Refuses to clean hands and remove property, there
is no mortgage or any loan or lien on property.

(*Id.*)

As a result of Defendants' actions, Plaintiffs suffered "mental + emotional stress,

deformations, causing a hardship mental + physical, distress." (*Id.* at 7.) As relief, Plaintiffs seek,

"titled by reformed immediately, harrassments stops, money damages." (*Id.*)

**DISCUSSION**

**A.    Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiffs do not allege sufficient facts to plausibly suggest a viable legal claim.

Plaintiffs allege that they did not receive notice in the mail that their "property" was put "up for

auction," but they do not provide any factual context and they omit key facts. For example,

Plaintiffs do not allege basic facts such as when the events giving rise to their claims occurred,

including the date of the auction. Plaintiffs do not state the type of property that was auctioned,

or, assuming they are referring to real property, the location of the real property. They allege that

they did not receive notice and were not served documents relating to a "court proceeding," but

they do not state the nature of those court proceedings, describe the outcome of the proceedings,

or state where the court proceedings took place. They do not clarify whether they participated in

the proceedings or whether there was a default judgment entered against them. Plaintiffs also

state that they never received paperwork "regarding foreclosure," but they do not state whether

their property was actually foreclosed, whether the foreclosure proceedings are the same "court

proceedings" to which they previously referred, and if their property was foreclosed, when the foreclosure occurred. Furthermore, if Plaintiffs are challenging the outcome of a state foreclosure proceeding, they do not allege any facts describing what state remedies, if any, they have pursued.

The Court therefore grants Plaintiffs leave to file an amended complaint that alleges sufficient facts suggesting a plausible federal claim.

**B.      Due Process**

The Court construes Plaintiffs' allegations as attempting to assert a claim that Defendants violated their rights to procedural due process under the Fourteenth Amendment. Where a plaintiff sues "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011).

"[I]n situations where the State feasibly can provide a predeprivation hearing before taking property, it must do so regardless of the adequacy of the postdeprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990)); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467 (2d Cir. 2006) ("[W]hen the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing" ). By contrast, when a plaintiff brings a procedural due process claim based on random unauthorized acts by state employees, a post-deprivation hearing is the only form of due process that can be made available because the state could not have predicted when the deprivation would occur. *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (1996).

To satisfy the requirements of due process in the context of foreclosure, "a property owner must be given notice of foreclosure proceedings before foreclosure can occur." *Akey v.*

*Clinton Cnty., N.Y.*, 375 F.3d 231, 235 (2d Cir. 2004). "The proper inquiry is whether the state acted reasonably in selecting the means likely to inform the persons affected, not whether each property owner actually received notice." *Weigner v. City of New York*, 852 F. 2d 646, 649 (2d Cir. 1988); *see Jones v. Flowers*, 547 U.S. 220, 226 (2006) ("Due process does not require that a property owner receive actual notice before the government may take his property."). Generally, "notice by mail is deemed to be reasonably calculated to reach property owners, . . . despite the slight risk that notice sent by ordinary mail might not be received." *Akey*, 375 F.3d at 235.

If Plaintiffs file an amended complaint, they must allege facts suggesting that Defendants did not act reasonably in selecting the means to give them notice of the court proceedings regarding their property. If Plaintiffs allege that their due process rights were violated by an unauthorized act, they must allege facts suggesting that no post-deprivation hearing was available to them.

## LEAVE TO AMEND

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiffs may be able to allege additional facts to state a valid Section 1983 claim for violation of their due process rights, the Court grants Plaintiffs 60 days' leave to amend their complaint to detail their claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiffs have an address for any named defendant, Plaintiffs must provide it. Plaintiffs should include all of the information in the amended complaint that Plaintiffs want the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiffs' amended complaint should tell the Court: who violated their federally protected rights and how; when and where such violations occurred; and why Plaintiffs are entitled to relief.[1]

Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs want to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiffs are granted leave to file an amended complaint that complies with the standards set forth above. Plaintiffs must submit the amended complaint to this Court's Pro Se Intake Unit

---

[1] Plaintiffs may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7843 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiffs fail to comply within the time allowed, and they cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     October 24, 2022
           New York, New York

                                          /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____          ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED
COMPLAINT**

            -against-

_____          Jury Trial:  □ Yes      □ No

_____                              (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 2        Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 3        Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


Defendant  No. 4        Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                            Signature of Plaintiff      _____

                            Mailing Address            _____

                                                      _____

                                                        _____

                            Telephone Number        _____

                            Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                            Signature of Plaintiff:   _____

                            Inmate Number            _____